UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. _____ |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | Title 18, U.S.C., Section 542- Entry of Goods by Means of False Statement; Title 18, U.S.C., Section 3-Accessory After the Fact; Title 21, U.S.C., Sections 331(c) and 333(a)(1)- Receipt in Interstate Commerce of Misbranded Drugs and Devices and Delivery for Pay or Otherwise; Title 18, U.S.C., Secs. 982(a)(2)(B) and 982(b)-Criminal Forfeiture |
| TIEN TAN VO, | |
| Defendant. | |

The Acting United States Attorney charges:

INTRODUCTORY ALLEGATIONS

Defendant

1.  Defendant TIEN TAN VO was a doctor licensed by the State of California to practice medicine since February 2010. Among other things, VO owned and operated medical clinics in and around Imperial County, California, including clinics in El Centro and Calexico, California, providing an array of medical services, including various cosmetic procedures.

NWP:San Diego
8/10/23

### Xeomin®, Xeomeen, and Probcel

2. Botulinum Toxin Type A was a highly potent toxin which can cause the disease botulism when present in human beings in a sufficient amount.

3. The United States Food and Drug Administration (FDA) approved a biological products license for Xeomin®, the brand name of a drug derived from Botulinum Toxin Type A and manufactured by MERZ Pharmaceuticals North America. The FDA approved a biological products license for Botox®, the brand name of a drug derived from Botulinum Toxin Type A and manufactured by Allergan, Inc. The FDA-approved licenses limited them to use pursuant to a prescription by a licensed practitioner.

4. Injectable botulinum toxins used in these ways also met the definition of a "drug" under the FDCA, and any such products that were not the subject of an approved biological license would require approval. Such products also met the definition of a prescription drug under the FDCA.

5. Xeomeen was the trade name for a prescription drug (active ingredient: botulinum toxin) that was marketed in Mexico and elsewhere by MERZ Pharmaceuticals North America. Although a different product, trade name Xeomin, was approved by the FDA for sale and distribution in the United States, Xeomeen was not approved by the FDA for sale or distribution in the United States.

6. Probcel was an injectable lip filler (active ingredient: hyaluronic acid) that was marketed by MERZ Pharmaceuticals North America for use in Brazil and elsewhere outside of the United States, Probcel was not approved by the FDA for sale or distribution in the United States.

<u>COUNT 1</u>

<u>Accessory After the Fact to</u>

<u>Entry of Goods by Means of False Statements</u>

18 U.S.C. §§ 542, 3

(Misdemeanor)

7. The allegations set forth in paragraphs 1 through 6 above are realleged and incorporated by reference as if fully set forth herein.

8. On or about February 4, 2020, within the Southern District of California, and elsewhere, defendant TIEN TAN VO, knowing that an offense against the United States had been committed, to wit, entry of goods by means of false statement by Person 1, in violation of Title 18, United States Code, Section 542, did receive, relieve, comfort and assist the offender, Person 1, in order to hinder and prevent the offender's apprehension, trial and punishment.

All in violation of Title 18, United States Code, Section 3.

<u>COUNT 2</u>

<u>Receipt in Interstate Commerce of a Misbranded Drug, and</u>

<u>Delivery or Proffered Delivery for Pay or Otherwise</u>

21 U.S.C. §§ 331(c) & 333(a)(1)

(Misdemeanor)

9. The allegations set forth in the foregoing paragraphs are realleged and incorporated by reference as if fully set forth herein.

10. On or about February 4, 2020, defendant TIEN TAN VO, within the Southern District of California, received and caused the receipt of drugs (specifically, "Xeomeen" powder containing botulinum toxin) in interstate and foreign commerce, including from the Republic of Mexico, to Calexico and El Centro, California, which drugs were misbranded within the meaning of Title 21, United States Code, Section 352(a), in that

3

1 their labeling was false and misleading, and delivered and proffered for
2 delivery these misbranded and unapproved drugs for pay and otherwise.
3 All in violation of Title 21, United States Code, Sections 331(c) and
4 333(a)(1).

## FORFEITURE ALLEGATIONS

6   11.  The allegations contained in Count 1 of this information is
7 hereby realleged and incorporated herein for the purpose of alleging
8 forfeiture to the United States of America pursuant to Title 18, United
9 States Code, Section 982(a)(2).

10   12.  Upon conviction of the offense set forth in Count 1 of this
11 information, defendant TIEN TAN VO shall forfeit to the United States of
12 America, pursuant to Title 18, United States Code, Section 982(a)(2)(B),
13 all property constituting and derived from proceeds defendant obtained
14 directly and indirectly as a result of the offense.

15   13.  If any of the property described above, as a result of any act
16 or omission of the defendant:
17     a.   cannot be located upon the exercise of due diligence;
18     b.   has been transferred or sold to, or deposited with, a third
19 party;
20     c.   has been placed beyond the jurisdiction of the court;
21     d.   has been substantially diminished in value; or
22     e.   has been commingled with other property which cannot be
23 divided without difficulty,
24 the United States of America shall be entitled to forfeiture of
25 substitute property pursuant to Title 21, United States Code, Section
26 853(p), as incorporated by Title 18, United States Code, Section
27 982(b)(1).
28

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 982(b)(1).

DATED: August ___, 2023

ANDREW R. HADEN
Acting United States Attorney

By: _____
NICHOLAS W. PILCHAK
Assistant U.S. Attorney

5