ANDREW R. HADEN
Acting United States Attorney
NICHOLAS W. PILCHAK
California Bar No. 331711
Assistant U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-9709
Email: Nicholas.Pilchak@usdoj.gov

Attorneys for the United States



## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>TIEN TAN VO,<br><br>              Defendant. | Case No.<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Andrew R. Haden, Acting United States Attorney, and Nicholas W. Pilchak, Assistant U.S. Attorney, and Defendant, TIEN TAN VO, through his counsel, Jeremy Warren and Michael Aguirre, as follows:

**I**

**THE PLEA**

Defendant agrees to waive indictment and plead guilty to an Information, charging Defendant with (1) Accessory After the Fact to Entry of Goods by Means of False Statement, in violation of Title 18, United States Code, Sections 542 and 3, and (2) Receipt in Interstate Commerce of Misbranded Drugs and Delivery for Pay or Otherwise, in violation of Title 21, United States Code, Sections 331(c) and

Def. Initials  *T.V*

333(a)(1).    In   addition,   Defendant   consents   to   the   forfeiture
allegations of the Information.

## II

## NATURE OF THE OFFENSE

**A.    ELEMENTS EXPLAINED**

The   offenses   to   which   Defendant   is   pleading   guilty   have   the
following elements:

Count 1

1.    The crime of entry of goods by means of false statement had
      been committed by another person;

2.    The defendant knew that this crime had been committed and
      that the specific person had committed it; and

3.    The defendant thereafter intentionally received, relieved,
      comforted, or assisted the specific person in order to hinder
      and prevent that person's apprehension, trial or punishment
      for the crime of entry of goods by means of false statement.

In turn, the elements of entry of goods by means of false statement
are:

1.    Foreign, unapproved drugs and devices were imported;

2.    The defendant introduced those goods into the commerce of the
      United States;

3.    The defendant did so by means of a false verbal statement,
      which he knew was false; and

4.    The statement was material to the entry of the merchandise.

Count 2

1.    The defendant received in interstate commerce;

2.    A drug or device

3.    That was adulterated or misbranded; and

4.    Delivered or proffered delivery of it for pay or otherwise.

**B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS**

Defendant has fully discussed the facts of this case with defense
counsel.   Defendant has committed each of the elements of the crime,

2

Def. Initials  *T.V*

and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.  Defendant has been a doctor licensed to practice medicine by the State of California since 2010. Between at least November 2016 and October 2020, defendant provided cosmetic services at his medical clinics, including the use of injectable botulinum toxin and lip fillers, to more than 10 patients.

2.  During that time, defendant exclusively used foreign, unapproved injectable botulinum toxin and lip fillers in his cosmetic practice. This specifically included Xeomeen and the injectable lip filler Probcel, neither of which is approved for use in the United States. Defendant admits that the Xeomeen and Probcel used in his practice were misbranded because they were unapproved and not labeled for use in the United States.

3.  Defendant's unapproved cosmetic drugs and devices were chiefly supplied by Person 1, who operated a "med spa" in Mexicali and smuggled the drugs and devices into the United States and sold them to Defendant. Defendant knew that Person 1 brought the unapproved drugs and devices into the United States from Mexico without declaring them. Defendant expressly admits that the false statements Person 1 made to import the drugs and devices were material.

4.  Defendant accepted delivery of such unapproved drugs and devices from Person 1, knowing that they had been entered into the United States by means of false statements. Defendant knew his receipt of the unapproved drugs and devices helped Person 1 avoid apprehension, including by failing to report Person 1's conduct to authorities.

5.  On or about February 4, 2020, Defendant took delivery of twenty (20) boxes of one hundred (100) units each of "Xeomeen" powder, containing botulinum toxin, from Person 1 at his clinic in Imperial County, California. Defendant admits that the drugs were received in interstate commerce, that they were misbranded, and that he paid Person 1 for them.

6.  Defendant admits that he received $100,767.00 in gross receipts for the use of the unapproved drugs and devices in his cosmetic practice between November 2016 and October 2020.

Def. Initials _T.V_

# III

## PENALTIES

The crimes to which Defendant is pleading guilty carry the following penalties:

Count 1

A.    a maximum of 1 year in prison;

B.    a maximum fine of $100,000 or twice the pecuniary gain or loss;

C.    a mandatory special assessment of $25;

D.    a term of supervised release of up to 1 year. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E.    forfeiture of any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation.

Count 2

A.    a maximum of 1 year in prison;

B.    a maximum fine of $1,000 or twice the pecuniary gain or loss;

C.    a mandatory special assessment of $25; and

D.    a term of supervised release of up to 1 year. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

# IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

4

Def. Initials _T.V_

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences,

5

Def. Initials  _T.V_

including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.     No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.     Defendant is pleading guilty because Defendant is guilty and for no other reason.

**VII**

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF CALIFORNIA**

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

**VIII**

**APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a **presentence report** is prepared by the U.S. Probation Office and defense counsel and the United States have an opportunity to review and

Def. Initials _I.V_

challenge the presentence report. Nothing in this plea agreement limits the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

**A.    SENTENCING GUIDELINE CALCULATIONS**

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures for these Class A misdemeanors (see USSG § 1B1.9):

//

//

//

//

Def. Initials  T.V

| | | |
|---|---|---:|
| 1. | Base Offense Level, § 2B1.1(a)(2)[1] | 6 |
| 2. | Loss >$40,000, § 2B1.1(b)(1)(D) | +6 |
| 3. | 10 or More Victims, § 2B1.1(b)(2)(A)(i) | +2 |
| 4. | Abuse of Trust & Special Skill, § 3B1.3 | +2 |
| 5. | Acceptance of Responsibility, §§ 3E1.1(a)/(b) | -3 |
| 6. | Combination of Circumstances, § 5K2.0 | <u>-2</u> |
| | | 18 |

The parties agree to jointly recommend the departure for combination of circumstances based on Defendant's disposition of the case including waiver of appeal.

**B.   ACCEPTANCE OF RESPONSIBILITY**

Despite paragraph A above, the United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the United States, the Court or probation officer;

4.   Breaches this plea agreement in any way; or

5.   Transfers or conceals property (or properties) that would otherwise be available for payment of restitution.

**C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

Defendant may recommend additional downward adjustments, departures, including Criminal History departures under USSG § 4A1.3, or

---

[1]   *See also* USSG § 2T3.1 cmt. n. 2.

8

Def. Initials _T.V_

1   sentence reductions under 18 U.S.C. § 3553. The United States may oppose

2   any such adjustments or departures not set out above.

   D.   **NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

4       The parties have no agreement as to Defendant's Criminal History Category.

5   E.   **"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

6       The facts in the "factual basis" paragraph of this agreement are true

7   and may be considered as "relevant conduct" under USSG § 1B1.3 and as the

8   nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

9   **Defendant understands and agrees that, notwithstanding the parties' joint**

10  **recommendation regarding the sentencing guidelines and join recommendation**

11  **for probation set out in this agreement, the United States will introduce**

12  **(and Defendant may contest) "relevant conduct" information for sentencing**

13  **pertaining to Defendant's concealment of his use of foreign, unapproved**

14  **drugs and devices from his cosmetic customers.   Introduction of such**

15  **information at sentencing, or argument based on the same, shall not amount**

16  **to breach of this agreement.**

17  F.   **PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

18      The parties will jointly recommend that defendant be sentenced to

19  three years of probation in lieu of custody, with one hundred (100)

20  hours of community service as a special condition of probation.

21  G.   **SPECIAL ASSESSMENT /FINE /FORFEITURE /RESTITUTION**

22  1.   **Special Assessment**

23      The parties will jointly recommend that defendant pay a special

24  assessment in the amount of $25.00 per misdemeanor count of conviction

25  to be paid forthwith at time of sentencing. Defendant shall pay the

26  special assessment through the office of the Clerk of the District Court

27

28

Def. Initials  _T.V_

1   by bank or cashier's check or money order made payable to the "Clerk,
2   United States District Court."

3      **2.**   **Fine**

4      The United States will recommend a total fine in the amount of
5   $201,534.

6      **3.**   **Forfeiture & Restitution**

7      Defendant consents to the forfeiture allegations of the
8   Information. The parties agree that forfeiture and restitution shall be
9   governed by the provisions of the attached financial addendum.

10     **H.**   **SUPERVISED RELEASE & PROBATION**

11     If the Court imposes a term of probation or supervised release,
12  Defendant agrees that he will not later seek to reduce or terminate
13  early the term of probation or supervised release until he has served
14  at least 2/3 of his term of supervised release or probation and has
15  fully paid and satisfied any special assessments, fine, criminal
16  forfeiture judgment and restitution judgment imposed by the Court.

17                            **XI**

18     **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

19     Defendant waives (gives up) all rights to appeal and to collaterally
20  attack every aspect of the conviction and sentence, including any
21  forfeiture or restitution order. The only exception is that Defendant
22  may collaterally attack the conviction or sentence on the basis that
23  Defendant received ineffective assistance of counsel. Defendant also
24  explicitly waives any challenge to the constitutionality of the statutes
25  to which Defendant is pleading. If Defendant appeals, the United States
26  may support on appeal the sentence or restitution order actually imposed.

27

28

Def. Initials  _T.V_

1           **XII**

2   **BREACH OF THE PLEA AGREEMENT**

3       Defendant and Defendant's attorney know the terms of this agreement

4   and shall raise, before the sentencing hearing is complete, any claim

5   that the United States has not complied with this agreement. Otherwise,

6   such claims shall be deemed waived (that is, deliberately not raised

7   despite awareness that the claim could be raised), cannot later be made

8   to any court, and if later made to a court, shall constitute a breach

9   of this agreement.

10      Defendant breaches this agreement if Defendant violates or fails

11  to perform any obligation under this agreement. The following are non-

12  exhaustive examples of acts constituting a breach:

13          1.   Failing to plead guilty pursuant to this agreement;

14          2.   Failing to fully accept responsibility as established in
                 Section X, paragraph B, above;
15

16          3.   Failing to appear in court;

17          4.   Attempting to withdraw the plea;

18          5.   Failing to abide by any court order related to this case;

19          6.   Appealing (which occurs if a notice of appeal is filed)
                 or collaterally attacking the conviction or sentence in
20               violation of Section XI of this plea agreement; or

21          7.   Engaging in additional criminal conduct from the time of
                 arrest until the time of sentencing.

22      If Defendant breaches this plea agreement, Defendant will not be

23  able to enforce any provisions, and the United States will be relieved

24  of all its obligations under this plea agreement. For example, the

25  United States may proceed to sentencing but recommend a different

26  sentence than what it agreed to recommend above. Or the United States

27  may pursue any charges including those that were dismissed, promised to

28

Def. Initials   _T.V_

be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge that is the subject of this plea agreement or any charge(s) that the United States agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the United States, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No

Def. Initials _T.V_

1 | modification of this plea agreement shall be effective unless in writing
2 | signed by all parties.

**XIV**

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

Def. Initials  _T.V_

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ANDREW R. HADEN
Acting United States Attorney

August 21, 2023
_____
DATED

NICHOLAS W. PILCHAK
Assistant U.S. Attorney

August 20, 2023
_____
DATED

/s/ Jeremy Warren
JEREMY WARREN
Defense Counsel

August 20, 2023
_____
DATED

/s/ Michael Aguirre
MICHAEL AGUIRRE
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

08/20/2023
_____
DATED

TIEN TAN VO
Defendant

Approved by:

*Victor P. White*
_____
Victor P. White
Assistant U.S. Attorney

14

Def. Initials _T.V_

**United States v. Tien Tan VO**, Case No.

**FINANCIAL ADDENDUM**

1. Defendant's conviction will include financial penalties such as a forfeiture, fine, and restitution. Defendant understands and agrees that both forfeiture and restitution are mandatory for the offense to which he is pleading guilty. In addition, **Defendant agrees and understands that he is agreeing to the imposition of restitution for all relevant conduct, beyond the offense of conviction.** This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

   **A.   Forfeiture**

     i.   In addition to the penalties outlined in the plea agreement, federal law states Defendant must forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

     ii.   As part of Defendant's guilty plea to Count 1 of the Information, as set forth in section I of the plea agreement, Defendant agrees to forfeit, via entry of a personal money judgment against Defendant, the amount of $**100,767.00**.

     iii. The money judgment against Defendant represents monies subject to forfeiture to the United States as proceeds Defendant personally received from the illegal conduct in violation of 18 U.S.C. §§ 542 and 3 and are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B).

     iv.  Defendant consents and agrees to the immediate entry of a forfeiture money judgment in the amount of $**100,767.00**. Defendant agrees that upon entry of the order of forfeiture, such order shall be final as to Defendant. Defendant agrees to immediately withdraw any

Def. Initials   _T.V_

claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees that upon signing this Financial Addendum, he is withdrawing both upon his own behalf and on behalf of his business and any and all entities which he owns or controls, all claims filed in any and all administrative forfeiture proceedings. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process, including but not limited to a Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandise form. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant agrees that the criminal forfeiture money judgment imposed by the Court will be (i) subject to immediate enforcement, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the Defendant receives may be offset and applied to the outstanding balance on the forfeiture judgment. Defendant waives all notices with respect to TOP and all offsets.

v.   Defendant consents and agrees to the entry of orders of forfeiture for all forfeitable property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the

forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea.

vi.  Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

vii. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the **$100,767.00** agreed-upon money judgment, is collected in full.

viii.   Defendant acknowledges and agrees that the forfeiture in this case includes entry of a personal money judgment against Defendant in the amount of **$100,767.00**, and that interest shall accrue on the judgment from the date of entry of the Order of Forfeiture in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961. The Defendant agrees that the United States may take all actions available to it to collect the full amount of the judgment, including enforcement of the judgment against substitute assets as provided in 18 U.S.C. § 982(b), which incorporates 21 U.S.C. § 853(p), and actions available under the Federal Debt Collections Procedure Act. Defendant shall receive credit against the agreed-upon money judgment for any amount of

3

Def. Initials _T.V_

1   restitution actually paid voluntarily and timely by Defendant himself

2   in this case.    Defendant is not entitled to any credit against the

3   forfeiture money judgment for any substitute assets enforced by the

4   Government or for any collection actions taken by the Government as to

5   either the forfeiture or restitution.  Defendant is not entitled to any

6   credit against the forfeiture money judgment for any proceeds received

7   from the sale of forfeited personal property.

8        **B.   Restitution**

9           i.   The crime to which Defendant is pleading guilty requires

10  an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant

11  make mandatory restitution to the victims of the offense of conviction

12  or the estates of the victims.

13          ii.   The amount of restitution ordered by the Court shall

14  include restitution to any person directly harmed by the Defendant's

15  criminal conduct in the course of the scheme, conspiracy, or pattern.

16  The Court may also order restitution to persons other than the victims

17  of the offense of conviction.  Restitution may include losses arising

18  from counts dismissed and charges not prosecuted as well as all relevant

19  conduct in connection with those counts and charges.  **Defendant ex-**

20  **pressly agrees to the entry of restitution for all relevant conduct.**

21          iii. The parties estimate the amount of restitution will be

22  at least **$100,767.00.**  Defendant understands that this is only an es-

23  timate based on currently available information.  The Government will

24  recommend restitution of at least **$100,767.00,** but the amount may be

25  higher depending on information at sentencing.  The Court may impose

26  restitution of any amount.  Defendant agrees that a restitution award

27  in an unanticipated amount is not grounds to withdraw Defendant's guilty

28

Financial Addendum                                    Def. Initials   _T.V_

plea.  Defendant also agrees that nothing in this plea agreement or financial addendum limits the Government's duty to provide complete and accurate facts to the district court and to the U.S. Probation Office to calculate restitution.

 iv.  Notwithstanding any order of the Court, Defendant agrees the total amount of restitution shall be due immediately and the parties agree to jointly recommend to the Court that restitution be ordered to be paid immediately. Any payment schedule imposed by the Court establishes only a minimum obligation. Regardless of Defendant's compliance with any Court ordered payments, any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the full amount of unpaid restitution, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

 **B.** **FINE**.

 i.  The parties will jointly recommend a fine in the amount of **$201,534.00**.  The parties agree that notwithstanding any Court imposed schedule for payment of a fine, the total amount of the fine shall be due immediately and shall be deemed to be payable forthwith.  Any payment schedule for a fine imposed by the Court establishes only a minimum obligation. Regardless of Defendant's compliance, any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the fine, including but not limited to remedies pursuant to 18 U.S.C. § 3613.

2.  The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also



authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's tax returns until the fine and restitution are paid in full and forfeiture proceedings are completed, and Defendant will promptly execute any documents necessary to carry out this authorization.

3.    **Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000.** These include all assets and financial interests in which Defendant has an interest (or had an interest prior to October 5, 2020), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $1,000 which have been transferred to any third party since October 5, 2020, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets.  Defendant will provide complete, updated financial information promptly upon request.

4.    From the date this plea agreement is executed until the fine, forfeiture and/or restitution is paid in full and forfeiture proceedings are completed, Defendant shall notify the Asset Recovery Section, United States Attorney's Office, of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) at least 30 days before Defendant transfers any interest in property owned directly or indirectly by Defendant worth over $1,000. This obligation covers any interest in property obtained under any other name or entity,

including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

5.    Defendant shall immediately notify the Asset Recovery Section of the United States Attorney's Office of any material change in Defendant's financial condition.

6.    Defendant will make a good faith effort to pay all forfeiture, restitution and fines ordered by the Court.  Regardless of Defendant's compliance with any payment schedule established by the Court, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.  Defendant waives all demands for payment of the restitution and fine.  Defendant agrees to the entry of the restitution and fine into the Treasury Offset Program ("TOP") and waives all notices of TOP and offsets, and waives all rights to contest TOP offsets.

7.    The fine and/or restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

8.    Defendant waives all right to appeal the forfeiture, restitution, and fine imposed by the Court.

//
//
//
//
//
//

1    Defendant understands that the main plea agreement and this
2  financial addendum embody the entire plea agreement between the parties
3  and supersedes any other agreement, written or oral.

08/20/2023
Date

**TIEN TAN VO**
Defendant

August 20, 2023
Date

/s/ Jeremy Warren
**JEREMY WARREN**
Defense Counsel

August 20, 2023
Date

/s/ Michael Aguirre
**MICHAEL AGUIRRE**
Defense Counsel

August 21, 2023
Date

ANDREW R. HADEN
Acting United States Attorney
**NICHOLAS W. PILCHAK**
Assistant U.S. Attorney